**RAILROAD COMMISSION OF TEXAS and V–F Petroleum, Inc., Appellants,**

**v.**

**A.K. GUTHRIE OPERATING COMPANY, Appellee.**

**No. 14708.**

Court of Appeals of Texas, Austin.

Dec. 2, 1987.

Rehearing Dismissed Jan. 13, 1988.

Jim Mattox, Atty. Gen., Jose Manuel Rangel, Asst. Atty. Gen., Austin, for Railroad Com'n of Texas.

Paul Herrmann, McElroy, Williams & Sullivan, Austin, for V–F Petroleum, Inc.

Frank Douglass, Carroll Martin, Scott, Douglass & Luton, Austin, for appellee.

Before GAMMAGE, ABOUSSIE and SMITH*, JJ.

GAMMAGE, Justice.

This is an appeal from a judgment of the 167th Judicial District Court of Travis County, reversing an order of the Texas Railroad Commission ("Commission"). The Commission denied a request to change the allocation formula in the Sara–Mag (Canyon Reef) Field from 50% acreage and 50% well to 100% acreage. The district court reversed the Commission's order and directed the Commission to adopt a 100% acreage allocation formula. We will reverse the judgment and remand the cause to the district court for review of the administrative record under the substantial evidence standard.

An allocation formula is the means the Commission uses to distribute oil or gas production among wells in a field.[1] The Commission adopted a 50% acreage and 50% well assignment in the Sara–Mag (Canyon Reef) Field in 1954. In March 1982, appellant V–F's predecessor in interest filed an application for a permit to drill a well on a substandard-sized tract (a Rule 37 exception) in the Sara–Mag Field. At the hearing on the Rule 37 exception, appellee Guthrie (an adjoining land owner) filed a request to change the allocation formula for the field to 100% acreage. The purpose of Guthrie's request was to make it unprofitable for "small-tract" owners to drain his land.

In December 1982, the Commission denied Guthrie's request. After exhausting his administrative remedies, Guthrie appealed the Commission's order to the district court. In August 1983, the district court entered judgment reversing the Commission and remanding the cause for further proceedings not inconsistent with the court's judgment. In June 1984, the Commission reopened the hearing on Guthrie's application, but after receiving further evidence the Commission once again denied Guthrie's request to change the allocation formula in the Sara–Mag (Canyon Reef) Field to 100% acreage. Guthrie again exhausted his administrative remedies and appealed to the district court. The district court again reversed the Commission and it is from that judgment that the Commission now appeals.

In the judgment appealed from, the district court concluded the present allocation formula in the Sara–Mag Field is illegal and has been illegal since the court rendered its first judgment. In that earlier judgment, the district court stated:

[The Commission's order] is in conflict with *Atlantic Refining Company v. Railroad Commission of Texas*, [162 Tex. 274], 346 S.W.2d 801 (Tex.1961) [(the *Normanna* case)], *Railroad Commission of Texas v. Shell Oil Company*, 380 S.W.2d 556 (Tex.1964) [(the *Quitman* case)], [and] *Halbouty v. Railroad Commission of Texas*, [163 Tex. 417], 357 S.W.2d 364 (Tex.1962) [(the *Port Acres* case)]. As such, the ... [Commission's] [o]rder is affected by an error of law in violation of Section 19(e)(4) of the APA.

In its first point of error, the Commission contends the district court misinterpreted the above-cited case law relied upon in the court's first judgment. We agree.

In the early 1960's, beginning with the *Normanna* case, the Texas Supreme Court

---

* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex.Gov't.Code § 73.012 (Supp.1987)

1. An "acreage" assignment allocates production in a field based on the number of acres owned by the producer that overlie the reservoir. A "well" assignment allocates production based on the number of wells owned by the producer that drain the reservoir. With a mixed formula, even a "small-tract" owner can profitably produce.

began invalidating Commission allocation formulas that included a well factor. *Normanna*, 346 S.W.2d at 811 (⅓ well and ⅔ acreage formula invalid where .3–acre tract produces gas at a rate many times greater than a 320–acre tract and no substantial evidence in record to support wide discrepancy in rate of production); *Port Acres*, 357 S.W.2d at 376 (⅓–⅔ formula struck down when formula not reasonably supported by substantial evidence); and *Quitman*, 380 S.W.2d at 560–61 (½–½ formula held invalid when causing unreasonable amount of uncompensated drainage from adjoining tract and not supported by substantial evidence).

It is clear the holdings in the *Normanna*, *Port Acres*, and *Quitman* opinions do not preclude the Commission from using well factors in its allocation formulas. Instead, these three opinions merely remind us that Commission orders must be reasonably supported by substantial evidence. The district court's judgment in this appeal, however, mandates a 100% acreage allocation formula in the Sara–Mag Field and states that the Commission's ⁵⁰⁄₅₀ order is affected by an error of law in violation of the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a § 19(e)(4) (Supp.1987) ("APTRA"). We conclude the Commission's order is not affected by an error of law. Furthermore, the district court may not substitute its judgment for that of the agency. *Port Acres*, 357 S.W.2d at 373. The district court may only review the administrative record under APTRA § 19(e) to determine if the Commission's order is reasonably supported by substantial evidence. Because we sustain the Commission's first point of error, we do not reach points two through seven.

We reverse the judgment and remand the cause to the district court to determine whether the Commission's order is reasonably supported by substantial evidence.

Reversed and Remanded.